# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MATT JOHNSON, PLUMBERS &** | ) | |
| **STEAMFITTERS LOCAL NO. 43** | ) | |
| **HEALTH AND WELFARE FUND, and** | ) | |
| **PLUMBERS & STEAMFITTERS** | ) | |
| **LOCAL NO. 43 PENSION FUND,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00273** |
| | ) | **Judge Aleta A. Trauger** |
| **CRANE NUCLEAR PFT CORP.,** | ) | |
| **CHRIS MITCHELL, and the** | ) | |
| **TENNESSEE VALLEY AUTHORITY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court is the Motion for Award of Attorneys' Fees (Doc. No. 109), filed by defendants Crane Nuclear PFT Corp. and Chris Mitchell. For the reasons set forth herein, the court, in the exercise of its discretion, will deny the motion.

## I.    BACKGROUND

Plaintiffs Matt Johnson, the Plumbers & Steamfitters Local No. 43 Health and Welfare Fund, and the Plumbers & Steamfitters Local No. 43 Pension Fund (collectively, the "Funds") brought this lawsuit against the defendants under 29 U.S.C. § 1145 for allegedly failing to make required contributions to the Funds. (*See* First Amended Complaint, Doc. No. 41.)

In May 2025, the court ruled in favor of the defendants on the parties' competing Motions for Summary Judgment and entered judgment for the defendants, on the grounds that the defendants were not contractually required to contribute to the Funds.

The defendants' Motion for Award of Attorneys' Fees followed. In their supporting Memorandum of Law, the defendants assert that the court may award them fees under 29 U.S.C.

§ 1132(g)(1) and that the factors governing whether the court should award them fees weigh in their favor. (*See generally* Doc. No. 110.) They also argue that the requested fee amount, $196,632.10, is reasonable, and they have submitted documentation to support the reasonableness of the hourly rates sought by the attorneys who worked on the case, as well as the reasonableness of the hours spent on this case for which they seek fees. (*See* Doc. Nos. 109-1 through 3; Doc. No. 116.)

The Funds oppose the motion. (Doc. No. 119.) First, they argue that § 1132(g)(1) does not govern the fee request; instead, according to the Funds, it is governed by § 1132(g)(2), which requires that prevailing *plaintiffs* in actions under § 1145 be awarded attorney's fees but says nothing about prevailing *defendants*. Alternatively, the Funds argue that the factors normally applicable to fee requests under § 1132(g)(1) weigh against an award of attorney's fees in this case and that the court should exercise its discretion to deny the motion. They also argue that the amount of fees requested is unreasonable and, alternatively, that the court should "offset any award against the amount the defendants owe plaintiffs." (Doc. No. 119 at 11.)

## II. DISCUSSION

### A. Section 1132(g)(1) Authorizes Fee Shifting

ERISA's fee-shifting provisions state as follows:

(1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . .

29 U.S.C. § 1132(g)(1) & (g)(2)(D).

Thus, under the "plain and unambiguous statutory language," either party may be awarded fees under subsection (g)(1), irrespective of which party is the prevailing party. *Hardt v. Reliance*

*Standard Life Ins. Co.*, 560 U.S. 242, 251–52 (2010). In *Hardt*, the Court held, based on that plain language, that "a fee claimant need not be a 'prevailing party' to be eligible for any attorney's fees award under § 1132(g)(1)." *Id.* at 252. However, in reaching that conclusion, the Court noted that the language in subsection (g)(1) "contrasts sharply with § 1132(g)(2), which governs the availability of attorney's fees in ERISA actions under § 1145." *Id.* The Court then stated—in pure *dicta*—that, "[i]n such cases, only plaintiffs who obtain 'a judgment in favor of the plan' may seek attorney's fees." *Id.* (quoting 29 U.S.C. § 1132(g)(2)(D)).

Citing *Hardt*, the Funds argue that § 1132(g)(1) is inapplicable to this case and that § 1132(g)(2) "only permits a fee award to a prevailing plaintiff 'to be paid by the defendant.'" (*See* Doc. No. 119 at 2.) The Funds candidly concede that they are aware of only two cases—both district court cases—even considering the question of a whether a prevailing defendant in an action under 29 U.S.C. § 1145 may be awarded attorney's fees. But they also argue that they are aware of no cases, in the Sixth Circuit or elsewhere, that have awarded attorney's fees to a prevailing defendant in a § 1145 case.

Irrespective of the unfortunate *dicta* in *Hardt*, this court finds that the plain language of the statute clearly authorizes a prevailing defendant in a § 1145 action to seek attorney's fees. Subsection (g)(1) authorizes the court to award attorney's fees to *either* party "[i]n any action under this subchapter," "other than [in] an action described in paragraph (2)." 29 U.S.C. § 1132(g)(1). *Hardt* limited the scope of the court's discretion by confining fee awards under subsection (g)(1) to a party who achieves some non-trivial degree of success on the merits. *Hardt*, 560 U.S. at 255.

Subsection (g)(2), on its face, applies only to actions brought (1) "by a fiduciary for or on behalf of a plan to enforce section 1145" and (2) in which judgment is awarded in favor of the plan. 29 U.S.C. § 1132(g)(2). In that type of case, the court must ("shall") award attorney's fees to

the plan. But subsection (g)(2) says nothing about § 1145 enforcement actions in which judgment is *not* awarded in favor of the plan. So, an enforcement action under § 1145 in which the defendant is the prevailing party does not qualify as "an action described in paragraph (2)." Consequently, subsection (g)(1), which applies to all other "action[s] under this subchapter," governs the availability of attorney's fees to the prevailing defendant. *Accord United Auto. Workers Loc. 259 Pension Fund v. Platinum Volkswagen, LLC*, No. CV145803ESJAD, 2016 WL 816756, at *3 (D.N.J. Feb. 29, 2016) (reaching the same conclusion); *BAC Loc. Union 15 Welfare Fund v. McGill Restoration, Inc.*, No. 16-2082-JAR-TJJ, 2016 WL 6905721, at *3 (D. Kan. Nov. 23, 2016) ("The Court agrees with Defendant's interpretation, based on a plain reading of the statute, that a defendant can recover fees under subsection (g)(1) unless subsection (g)(2) applies.").

### B.     The Exercise of the Court's Discretion Under § 1132(g)(1)

In the Sixth Circuit, once the court has made the threshold determination that the party seeking fees has achieved "some degree of success on the merits," *Hardt*, 560 U.S. at 255 (citation omitted) (and the defendants in this case clearly were successful on the merits, having prevailed at summary judgment), the court may consider the so-called "*King* factors" in deciding whether to award fees to that party:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, No. 24-3926, 2025 WL 2058997, at *1–2 (6th Cir. July 23, 2025) (quoting *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985); *see also Hardt*, 560 U.S. at 255 & n.8 (noting that the five factors are not "required for channeling a court's discretion" but that courts "may consider" them). These factors are to be "viewed flexibly, with no one factor being 'necessarily dispositive.'" *Geiger v. Pfizer, Inc.*, 549 F.

App'x 335, 338 (6th Cir. 2013) (quoting *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996)). Importantly, there is "no presumption as to whether attorney's fees will be awarded" to the prevailing party in an ERISA case. *Id.* (quoting *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301–02 (6th Cir. 1991)).

While § 1132(g)(1) authorizes a fee award to "either party," fee awards to prevailing defendants against an ERISA plan appear to be rare, simply because the relevant factors tend to favor ERISA plans. *Accord Huizinga v. Genzink Steel Supply & Welding Co.*, 984 F. Supp. 2d 741, 745–46 (W.D. Mich. 2013) (observing that, "in most ERISA cases, the nature of the *King* factors makes it less likely that the factors will favor an award to defendants" (citing *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011)); *see also Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) ("Although the [Second Circuit's equivalent of the *King*] test applies to both plaintiffs and defendants in ERISA actions, courts have cautioned that the five factors 'very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.'" (quoting *West v. Greyhound Corp.*, 813 F.2d 951, 956 (9th Cir. 1987)); *United Bhd. of Carpenters & Jointers of Am. v. Endicott Enters.*, 806 F.2d 918, 923 (9th Cir. 1986) ("The [relevant] factors frequently lead to the conclusion that attorneys' fees should not be charged against ERISA plaintiffs."). They do not weigh in favor of the defendants here.

The first factor to consider is the "degree of the opposing party's culpability or bad faith." *King*, 775 F.2d at 669. Generally, to avoid a finding of bad faith, the plaintiff funds must have had "a reasonable belief that they could prove an actionable ERISA claim." *Cline v. Industrial Maintenance Engineering & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000). "[T]he mere fact that an action is without merit does not amount to bad faith." *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753 (6th Cir. 2010). The court finds no evidence of bad faith or culpable conduct on the part of the Funds, despite having granted summary judgment against them. They

did not unnecessarily multiply the litigation or include clearly frivolous claims. The mere fact that they lost on the merits does not weigh in favor of awarding fees against them.

Nor does the Funds' ability to satisfy a fee award weigh in favor of awarding fees against them. Contrary to the defendants' suggestion, the Funds' "gross revenue" and union officials' salaries are simply not relevant to answer this question. As the Funds argue, the fiduciaries who administer the Funds do not receive compensation for that service, and the Funds themselves do not generate profit or revenue. Instead, they receive contributions from participating employers, and any expenditure of those funds to cover an opposing party's attorney's fees would be to the detriment of plan beneficiaries. *Accord Carpenters S. California Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984) (noting that a "plaintiff-trustee may find it difficult to pay [attorney's fees] without injuring the beneficiaries of the plan"). This factor does not weigh in favor of awarding fees to the defendants.

Regarding the "deterrent effect" of awarding fees, the defendants argue that such deterrence is necessary, pointing to a "copycat" case pending in the Northern District of Alabama. (Doc. No. 110 at 6 (citing *United Ass'n of Plumbers & Steamfitters Local 760 Health and Welfare Plan v. Crane Nuclear, Inc.*, No. 5:23-cv-01668-LCB (N.D. Alabama)).) The court takes judicial notice that the parties to that case stipulated to dismissal after this court granted summary judgment for the defendants in this case,[1] indicating that further deterrence is unnecessary. Moreover, other courts have found that this factor always weighs strongly against awarding fees against an ERISA fund, because "[a]warding fees in such a case would likely deter beneficiaries and trustees from

---

[1] *See* Stipulation of Dismissal 1, *United Ass'n of Plumbers & Steamfitters Local 760 Health and Welfare Plan v. Crane Nuclear, Inc.*, No. 5:23-cv-01668-HNJ (N.D. Alabama July 15, 2025) ("Given the district court's May 19, 2025 decision in *Matt Johnson et al. v. Crane Nuclear PFT Corp. et al.*, Civ. A. No. 23-273 (M.D. Tenn.), pursuant to Rule 41(a)(1)(A)(ii), the parties hereby stipulate to the dismissal of this matter . . . .), ECF No. 29.

bringing suits in good faith for fear that they would be saddled with their adversary's fees in addition to their own in the event that they failed to prevail." *Salovaara*, 222 F.3d at 31. In addition, courts recognize that "[p]laintiff-trustees . . . generally will be sufficiently deterred from instituting vexatious suits by the absence of personal gain therefrom and the likelihood that they will have to pay their own fees and costs should they not prevail." *Russell*, 726 F.2d at 1416. This factor weighs strongly against awarding fees to the defendants.

The fourth factor is whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA. This factor is either neutral, as the defendants argue, or weighs slightly against the defendants, as they are *not* a party seeking to confer a common benefit on ERISA beneficiaries. Instead, they defended against the lawsuit in order to avoid having to contribute to the Funds. *Accord Jackson v. Wilson, Sonsini, Goodrich & Rosati Long Term Disability Plan*, 768 F. Supp. 2d 1015, 1025 (N.D. Cal. 2011) (finding that this factor was neutral or weighed slightly against the prevailing defendant, who, in defending against the lawsuit "mainly sought to benefit itself by 'prevent[ing] itself from having to pay [the] Plaintiff's benefits'" (quoting *Epstein v. Unum Life Ins. Co. of Am.*, No. CV 04-0400 SVW, 2004 WL 2418310, at *4 (C.D. Cal. Oct. 13, 2004)).

The fifth factor clearly weighs in favor of the defendants, as they obtained dismissal of the Funds' claim and judgment in their favor.

The fact that the defendants prevailed, however, is not sufficient to overcome the weight of the other factors against it, particularly the Funds' inability to pay an award and the potentially deterrent effect of saddling the Funds with the defendants' fees. The court, in the exercise of its discretion in weighing these factors, finds that the defendant should not be awarded fees under 29 U.S.C. § 1132(g)(1).

### III. CONCLUSION AND ORDER

For the reasons set forth herein, the defendants' Motion for Award of Attorneys' Fees (Doc. No. 109) is hereby **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge